## MARK FURY *v.* THE STATE.

1. PRESUMPTION OF INNOCENCE—CHARGE OF THE COURT.—The Code of Procedure enacts that "a defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence; and in case of reasonable doubt as to his guilt, he is entitled to be acquitted." The language of this long-standing provision was advisedly selected to express the precise meaning of the law-maker. Its entire context should be preserved, and attempts to paraphrase or supplement it tend to beget perplexity and breed error.

2. SAME — The following instruction is not tantamount to the said provision of the Code of Procedure: "A defendant in a criminal prosecution is presumed to be innocent till he is proved to be guilty by legal evidence, and all the evidence admitted to the jury by the court is deemed legal evidence." By this instruction a jury may well be misled into concluding that the evidence submitted to them by the court suffices to destroy the presumption of innocence and to establish the defendant's guilt. The law, upon the contrary, preserves the presumption of innocence throughout the trial, and until the jury in their retirement find that the entire evidence, notwithstanding the presumption of his innocence, establishes his guilt beyond a reasonable doubt, and return their verdict of conviction.

3. PRACTICE IN THE COURT OF APPEALS.—If an erroneous charge was duly excepted to in the court below, this court cannot consider whether the error was prejudicial to the appellant, but must set aside the conviction, in conformity to art. 685 of the Code of Procedure.

APPEAL from the District Court of Wilson.    Tried below before the Hon. E. LEWIS.

This appeal is from a conviction for the theft of twenty-six sheep, alleged to be worth $2 each.    The jury found the appellant guilty of petit theft, and assessed his punishment at one month's confinement in the county jail and a fine of $450.

The evidence was conflicting, but as it is not discussed in the opinion, it need not be narrated.

*Ireland & Burges*, for the appellant.

*W. B. Dunham*, for the State.

CLARK, J.    In this prosecution, which was for theft of sheep, the court, in the course of its instructions to the jury, gave the following: "A defendant in a criminal prosecution is presumed to be innocent till he is proved to be guilty by legal evidence, and all evidence admitted to the jury by the court is deemed legal evidence."    The charge was excepted to on trial, and the paragraph quoted presents the only serious question in the record.

Our Code of Criminal Procedure provides that "the defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence; and in case of reasonable doubt as to his guilt, he is entitled to be acquitted."    Art. 727.    Viewed from a legal stand-point, it may be that there is no substantial distinction between the import of the language employed in the instruction and that used in the law.    A fact proved in law is necessarily established, and the two terms may be legally regarded as convertible; or, as said by Mr. Greenleaf, "things established by competent and satisfactory evidence are said to be proved."    1 Greenl. on Ev., sect. 1.    We are not sure, however, that the term "established," as used in the statutes, was not employed by the law-making power as importing

more than the word "proved." Certainly, in its plain and ordinary import it is a stronger term, and when addressed to an ordinary jury, is likely to carry with it greater significance. Their unskilled minds are likely to understand that the testimony of any witness before them is to be regarded as proof, which they may believe or disbelieve according to their discretion, and they are not unlikely thus to confound the two terms, "evidence" and "proof." When they are told that the defendant is presumed to be innocent until he is proved to be guilty, and in the same connection no allusion is made to the doctrine of reasonable doubt, as in this case, they may naturally infer that any evidence on the part of the prosecution is sufficient to destroy the legal presumption of innocence and to justify a conviction. But if told that this presumption obtains until the prisoner's guilt is *established* by legal evidence, they cannot mistake this exaction of the law, and must understand that the prisoner is deemed innocent until the contrary is conclusively shown to their minds by legal evidence introduced in the case.

This law is of long standing upon our statute-book, and contains no surplusage or idle expression. Every word employed is pregnant with meaning, and courts venture upon the hazardous when they attempt any substitution for the language of the law. Its exactness and simplicity are not susceptible of improvement, and any change in its context, either through design or inadvertence, invariably tends to beget perplexity, and often constitutes error. This is avoided by a rigid adherence to the language of the law, in giving that law in charge to juries.

But a further objection is apparent in said instruction. In it the jury are told that the defendant on trial was presumed to be innocent until he was proved guilty by legal evidence, and that all evidence before them was legal evidence. These two propositions may be assumed as correct in the abstract, and yet their joinder in a charge may vio-

late established principles in our practice, and tend to mislead the jury to the serious prejudice of the defendant. By this instruction the jury are substantially told that upon the introduction of any evidence which may prove the guilt of the defendant, the presumption of innocence immediately disappears; for the court says to them that he is presumed to be innocent until he is proved to be guilty by legal evidence, and that all the evidence — i.e., all parts and portions of the evidence which the court has seen fit to permit to go to them — comes within the category of that kind of evidence, proof of which is sufficient to destroy the original presumption. It is hardly necessary to say that such a proposition is erroneous. The presumption of innocence obtains throughout the trial, and until the return of a verdict of conviction; and the prisoner's guilt can never be said to be established in law until such verdict is returned. The jury, after hearing all the evidence, must commence their deliberations and consultation with that weight in the prisoner's scale; and it would be utterly subversive of the doctrine if the rule, as substantially announced, should obtain.

The charge of the court having been excepted to, this court cannot inquire whether the charge was prejudicial to the appellant, but upon determination that it is erroneous the judgment must be set aside. *Bishop* v. *The State*, 43 Texas, 390; *Heath* v. *The State*, 7 Texas Ct. App. 464.

The other errors assigned are not tenable, but, for the errors in the charge as indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*